## FRIEDEN v. DUART MFG. CO.
### No. 8740.

Court of Civil Appeals of Texas. Austin.

Oct. 12, 1938.

W. R. Smith, Jr., of Austin, for appellant.

Harry Hertzberg and Walter Loughridge, both of San Antonio, for appellee.

BAUGH, Justice.

On March 26, 1935, appellee, a foreign corporation, sued appellant upon a verified account amounting to $530.54 for merchandise sold by it to appellant in 1934. About two years later appellant filed a first amended original answer admitting that he owed appellee the amount sued for, and undertook to set up a cross-action for damages. To

this cross-action the trial court sustained a general demurrer, the appellant declined to amend, and judgment was rendered for appellee for the amount of its debt and that appellant take nothing on his cross-action; hence this appeal.

The first ground alleged in the cross-action was that appellee had entered into an unlawful conspiracy with C. E. Hoffman Company of Dallas, Texas, in restraint of trade, and that under such agreement appellee refused to sell appellant any merchandise except through said Hoffman Company, causing damages to appellant's business in the sum of $30,000. Without setting out or summarizing such pleadings here, suffice it to say that no facts were alleged with sufficient definiteness and certainty as to sustain a recovery upon such pleadings; but merely general opinions and conclusions of the pleader. In his brief appellant in effect so concedes, and this issue need not be further considered here.

■■ Another item of damage alleged in said cross-action was that because of the refusal of appellee to sell appellant further merchandise, he was unable to carry in stock all appellee's line of merchandise theretofore handled by him; and by reason thereof he lost customers and was unable to dispose of the articles of merchandise already purchased by him from appellee, resulting in his damage in the amount he had paid for such articles. No contract was alleged between him and appellee under which appellee was to furnish appellant any merchandise. We think it is clear from his own allegations that appellant was at liberty to cease buying from appellee any time he saw fit; and that he purchased from appellee only when, as, and what he pleased. Under these circumstances appellee likewise was at liberty to refuse to sell further merchandise to appellant for any lawful reason satisfactory to it. While appellant did allege in general language that the reason appellee refused to sell him further merchandise was because of the conspiracy with the Hoffman Company of Dallas, Texas; and that the Hoffman Company refused to give him the discount on appellee's merchandise, if bought through said Company, that he had theretofore been given on such merchandise purchased by him directly from appellee; he further alleged that appellee was at that time selling its merchandise to other dealers in its products in San Antonio, Houston, and San Angelo, Texas. He failed to allege that he could not have purchased the merchandise desired from other sources; or that appellee had in any manner undertaken to interfere with his purchase of such merchandise elsewhere. Manifestly, we think, these circumstances fail to constitute any cause of action in favor of appellant on this ground. Griffin v. Palatine Ins. Co., Tex.Com. App., 235 S.W. 202, 205.

■■ The only other question presented is whether that portion of appellant's cross-action wherein he claimed damages for failure of appellee, through its agents, to demonstrate to appellant's customers what was described as a "24 heater Velzor machine," was subject to such general demurrer. The substance of appellant's allegations in this regard was: That said machine was a new type of machine which only the agents of appellee knew how to operate, demonstrate to purchasers, and instruct them in the proper operation thereof. That appellee agreed, at the time appellant purchased said machine, to demonstrate it to customers and to instruct the purchaser thereof how to properly operate it. That appellant sold same to a customer under such representations, so notified appellee, and requested it to so instruct the purchaser in its use; but that appellee failed and refused to do so with the result that the appellant was compelled to take the machine back; and that because of the continued refusal of appellee and its agents to demonstrate said machine, and give any instruction to appellant's customers in the proper operation thereof, and of appellant's inability to do so, he was compelled to sell said machine at a discount which afforded him no profit thereon; and that had appellee complied with its agreement, he would have made a profit on the sale thereof of $225, for which he sued.

While this portion of the cross petition was clearly subject to special exceptions, we have concluded that it was sufficient as against a general demurrer to allege an agreement between appellant and appellee, a breach thereof by appellee, and resultant damages to appellant. While appellant did not allege in detail the terms of the contract, the cost to him of the machine, nor the name of the purchaser to whom he sold it, these defects should have been pointed out by special exceptions. He did allege in general terms a

valid contract, specific terms breached by appellee, and resultant damages. These were sufficient as against a general demurrer. 10 Tex.Jur. § 285, p. 491.

Appellant makes no complaint of the amount of the judgment against him, and his single assignment of error complains only of the trial court's action in sustaining appellee's demurrer to his cross-action. That portion of the trial court's judgment in favor of appellee against appellant for its debt is therefore affirmed. That portion of the judgment sustaining appellee's general demurrer to appellant's cross-action is reversed and the cause remanded.

Affirmed in part and in part reversed and remanded.